Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No.  286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff CARMEN JOHN PERRI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br>          Plaintiff,<br><br>v.<br><br>7-ELEVEN #25887, business form unknown; PRIME INVESTMENTS, LLC, a California limited liability company, and DOES 1-10,<br><br>          Defendants. | **Case  No**. CV 17-07529-CBM (AFMx)<br>**Hon.  Consuelo B. Marshall**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: January 30, 2018<br>Time: 9:30 A.M. |

Plaintiff  CARMEN JOHN PERRI ("Plaintiff") and 7-ELEVEN #25887 respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f).

A.      **SYNOPSIS**

1.      **Plaintiff's Statement of the Case**

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. Plaintiff relies upon a wheelchair and other devices for mobility.  At the time of

**JOINT FRCP RULE 26(f) REPORT**

Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA.  He has a Disabled Person Parking Placard issued to him.

Plaintiff personally visited Defendants' facility on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron."  Specifically, he desired to visit the subject property as a consumer, but experienced difficulty due to Defendants' failure to provide adequate access to the subject business and its interior.

It is alleged that Defendant PRIME INVESTMENTS, LLC owns the real property located at 11285 Santa Monica Bl., Los Angeles, CA 90025 (hereinafter "Property") where the subject business, owned and operated by Defendant 7-ELEVEN #25887 (the "Business") is located.  It is alleged that Defendant Business is liable to Plaintiff for the alleged ADA violations.  The Business is a facility open to the public, a place of public accommodation, and a business establishment.  Instead of having a compliant designated parking on the property, Defendants have: in the designated disabled parking space a built up curb ramp that protrudes into the disabled access aisle; and has a cross slope in the access aisle which descends into one of the designated parking spaces in excess of ADAAG.  Plaintiff alleges Defendants violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act.  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation arising out of Plaintiff's single visit to the Business on or about October 10, 2017, and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

2.     **Defendants' Statement of the Case**

Defendants deny they discriminated against Plaintiff in any way or that Plaintiff was damaged in any way.  Defendants further contend that Plaintiff

visited (or purports to have visited) the Store solely for purposes of bringing this action and that Plaintiff has no intention of returning to the Store as a consumer. Defendants deny that the barriers alleged by Plaintiff exist or that they constitute legal barriers to Plaintiff or otherwise under the ADA.

Defendants believe that the architectural barriers claimed have been, or will shortly be, removed so that the federal claim is moot.  Defendants also believe that Plaintiff did not encounter any architectural barriers and that he is attempting to seek relief for barriers that are not associated with his particular disability or condition.  In addition, Plaintiff did not give any notice to Defendants of any purported barriers or difficulties he encountered and visited the store for the sole purpose of increasing his purported damages and attorney's fees.  As a result, Plaintiff failed to mitigate his claimed damages.

**B.  SUBJECT MATTER JURISDICTION**

Plaintiff claims this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181 as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.  The Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.  Defendants assert this Court lacks subject matter jurisdiction as the barriers alleged did not impact Plaintiff's use of the property and the alleged barriers are, or will shortly be, moot.

**C.  LEGAL ISSUES**

The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) the nature and extent of damages, (4) whether Plaintiff mitigated his damages; and (5) whether Plaintiff's claims are moot.

**D.     PROBABLE DAMAGES**

Plaintiff foresees statutory damages of not less than $4,000 per violation arising out of Plaintiff's single visit to the Business on or about October 10, 2017, and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.  Plaintiff expects the probable range of damages to be between $4,000 and $8,000 plus reasonable attorneys' fees.

Defendants do not believe Plaintiff is entitled to recover damages or that Defendants are entitled to recover attorney fees or costs.

**E.     PARTIES ADDED AND PLEADINGS AMENDED**

At this time, the Parties do not believe that any additional Parties will be added or that the pleadings likely need amending.

**F.     COMPLEX LITIGATION**

The Parties do not believe procedures of the Manual for Complex Litigation should be utilized.

**G.     DISCOVERY PLAN**

The Parties propose the discovery cutoff of August 24, 2018.

Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant and to conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).   Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Business, including the existence of any accessibility barriers and accessible routes; (3) history of changes or modifications to the Business; (4) the feasibility of providing access to persons with disabilities.

Defendants will propound written interrogatories, requests for production and will take the deposition of Plaintiff and any experts identified.  Defendants

intend to seek discovery related to plaintiff's disability, all issues relating to his visit to the store, prior claims brought under the ADA, and California access laws, and his financial bias.

## D.    MOTIONS

Plaintiff does not believe he likely will seek to add other parties or seek transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect her type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).  Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions and inspection are taken in this case.

## E.    SETTLEMENT

The parties have engaged and continue to engage in informal settlement discussions; however, in the event discussions are not fruitful:

Plaintiff proposes to select Settlement Procedure No. 2, and the parties agree to engage in settlement discussions mediated by an Attorney Settlement Officer from this Court's Panel. Plaintiff proposes that the deadline for conducting settlement proceedings be set at 10 weeks before the trial date.

Defendants do not object to a Settlement Conference.

## F.    TRIAL ESTIMATE

Plaintiff anticipates a jury trial of 3 days.  Plaintiff anticipates 4-5 witnesses, including an expert to testify at trial.  Plaintiff's attorneys who will try the case are

Joseph R. Manning, Jr., Michael J. Manning, and Craig G. Côté.  Plaintiff does not consent to the designation of a Magistrate Judge to conduct all proceedings.

Defendants anticipate a 3 day jury and will call 3-4 witnesses including an expert. Julie R. Trotter and Michael S. Orr will try this case on behalf of Defendants.

Respectfully submitted,

Dated:  January 23, 2018                MANNING LAW, APC


                                        By:/s/ *Joseph R. Manning, Jr.*
                                            Joseph R. Manning, Jr.
                                            Michael J. Manning
                                            Craig G. Cote'
                                            *Attorneys for Plaintiff,*
                                            CARMEN JOHN PERRI


Dated:  January 24, 1018

                                        By:/s/ *Michael S. Orr*
                                            Michael S. Orr
                                            Attorneys for Defendant

**JOINT FRCP RULE 26(f) REPORT**